UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 22-cr-75 (MJD/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Dovyion Daquay Glass, | |
| Defendant. | |

Thomas Calhoun-Lopez, Assistant United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Thomas H. Shiah, Law Offices of Thomas H. Shiah, Ltd., 331 Second Avenue South, Suite 705, Minneapolis, MN 55401 (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following pretrial motions filed by Defendant Dovyion Daquay Glass:

1. Motion for Compliance with Federal Rule of Criminal Procedure 16, ECF No. 15;

2. Motion to Disclose Any Evidence That is "Helpful" to the Defense, ECF No. 16; and

3. Motion to Disclose Government's Intent to Introduce Any 404(b) Evidence, ECF No. 17.

A hearing was held on June 13, 2022. ECF No. 25. Thomas Calhoun-Lopez appeared on behalf of the United States of America (the "Government"). Thomas H. Shiah appeared on behalf of Defendant. Based upon the record, memoranda, and oral

arguments of counsel, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion for Compliance with Federal Rule of Criminal Procedure 16, ECF No. 15, is **GRANTED IN PART** and **DENIED IN PART**. Defendant seeks materials subject to disclosure under Rule 16(a)(1)(A), (B), (D), (E), (F), and (G) of the Federal Rules of Criminal Procedure. Defendant also requests items related to "alleged co-conspirators" and co-defendants, "whether named or unnamed." ECF No. 15 at 1-2.

The Government has no objection to Defendant's "motion insofar as it seeks items that fall within the ambit of Federal Rule of Evidence [sic] 16." Gov't's Omnibus Resp. at 1, ECF No. 21. The Government states that it "has already complied with Rule 16 and will continue to do so." Gov't's Omnibus Resp. at 1.

At the hearing, the Court inquired as to a timeline for the disclosure of any testimony the Government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence. The Government proposed that principal expert disclosures be made no later than 30 days before trial and any rebuttal expert disclosures no later than 14 days prior to trial. Defendant had no objection to the Government's proposed timeline.

Defendant's motion is granted in part to the extent he seeks responsive information subject to disclosure under Rule 16(a)(1)(A), (B), (D), (E), and (F) that remains in the Government's control and has not yet been produced. Additionally, consistent with the parties' agreement, Defendant's motion is granted as to the disclosure of expert materials under Fed. R. Crim. P. 16(a)(1)(G); no later than 30 days prior to trial, the Government shall make its principal expert disclosures, and no later than 14 days

prior to trial, the Government shall make any rebuttal expert disclosures. Defendant's motion is further granted to the extent he seeks discovery and disclosures ordered produced elsewhere in this Order, or that the Government is otherwise obligated to disclose by law. Defendant's motion is otherwise denied in all other respects. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000).

2. Defendant's Motion to Disclose Any Evidence That is "Helpful" to the Defense, ECF No. 16, is **GRANTED IN PART** and **DENIED IN PART**. Defendant seeks disclosure of evidence favorable to him under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. The Government states that it "is aware of its obligations under *Brady* . . . and its progeny" and "will fully comply with these obligations." Gov't's Omnibus Resp. at 1.

"The Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment." *United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing *Brady*, 373 U.S. at 87); *see United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)). "The [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio v. United States*, 405 U.S. 150, 154 (1972)); *accord Dones-Vargas*, 936 F.3d at 722; *see Whitehill*, 532 F.3d at 753. "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in

3

testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)). "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Defendant's motion is granted in part to the extent that the Government shall comply fully with its obligations under *Brady* and its progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act, 18 U.S.C. § 3500, and Federal Rule of Criminal Procedure 26.2 materials. *See United States v. Mazzulla*, 952 F.3d 1091, 1100 (8th Cir. 2019). If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery.

To the extent Defendant seeks discovery and disclosures outside the Government's obligations under these authorities or seeks materials that have already been produced, his motion is denied. *See Johnson*, 228 F.3d at 924.

3. Defendant's Motion to Disclose Government's Intent to Introduce Any 404(b) Evidence, ECF No. 17, is **GRANTED IN PART** and **DENIED IN PART**. Defendant requests "immediate disclosure" of "any evidence of other crimes, wrongs, or bad acts allegedly committed by Defendant, Codefendants, or any alleged co-

conspirator." ECF No. 17 at 1.

The Government states that it will "fully comply" with its obligations under Fed. R. Evid. 404(b) and "agrees to disclose all such evidence at least two weeks prior to trial." Gov't's Omnibus Resp. at 2. The Government requests that any order "be strictly drawn to require no more than what is encompassed by Rule 404(b)," asserting that "Rule 404(b) does not encompass acts which are 'intrinsic' to the charged offense." Gov't's Omnibus Resp. at 2.

At the hearing, Defendant was satisfied with the Government's proposed timeline of two weeks.

Rule 404(b) requires the Government to provide reasonable written notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); *see* Fed. R. Evid. 404(b)(3)(A) (prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it"), (C) (in writing). The Government is required to "articulate in the notice the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B).

"Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010). It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime

5

charged is not other crimes evidence."). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

Therefore, consistent with the parties' agreement, no later than two weeks prior to trial, the Government shall provide reasonable written notice of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Rule 404(b), "articulat[ing] the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B). Defendant's motion is otherwise denied. If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery. *See* Fed. R. Evid. 404(b)(3)(C).

4. All prior consistent orders remain in full force and effect.

5. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: July____13____, 2022         _____s/ Tony N. Leung_____
                                   Tony N. Leung
                                   United States Magistrate Judge
                                   District of Minnesota

                                   *United States v. Glass*
                                   Case No. 22-cr-75 (MJD/TNL)