UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff,

v.         **MEMORANDUM OF LAW & ORDER**
       Criminal File No. 22-00075 (MJD)

DOVYION DAQUAY GLASS,

    Defendant.

Katharine T. Buzicky, Assistant United States Attorney, Counsel for Plaintiff.
Dovyion Daquay Glass, pro se.

## I.   INTRODUCTION

This matter is before the Court on Defendant Dovyion Daquay Glass's Pro Se Motion to Vacate Sentence Under 28 U.S.C. § 2255. The Government has filed a Motion to Dismiss Defendant's Motion to Vacate Sentence Under 28 U.S.C. § 2255 as Time Barred. For the following reasons, the Court denies Defendant's motion to vacate sentence.

## II.   BACKGROUND

On September 21, 2024, Glass pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 32.) On

1

February 14, 2023, the Court sentenced Glass to 120-months in prison. (Doc. 53.) The Court entered judgment on February 16, 2023. (Doc. 54.) Glass did not appeal. Glass is currently incarcerated at USP Lee in Pennington Gap, Virginia with a projected release date in November 2030. BOP, Find an inmate, https://www.bop.gov/inmateloc// (last accessed Apr. 21, 2025).

In the instant motion, filed on December 30, 2024, Glass asks the Court to vacate his sentence because 18 U.S.C. § 922(g)(1) violates the Second Amendment.

### III.   DISCUSSION

#### A.   Timing

Glass argues that his motion is timely because <u>New York State Rifle & Pistol Ass'n, Inc. v. Bruen</u>, 597 U.S. 1 (2022), announced a new rule of constitutional law with retroactive effect.

A one-year period of limitation shall apply to petitions under 28 U.S.C. § 2255. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f); see also Russo v. United States, 902 F.3d 880, 882 (8th Cir. 2018) (habeas relief based on retroactivity must be filed within "one year of the date the right asserted was initially recognized by the Supreme Court").

Here, because Glass did not appeal his conviction, the conviction became final on March 2, 2023, 14 days after the Court entered judgment. See Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed"). Although nonjurisdictional, "Rule 4(b)'s timeliness requirements are inflexible and assure relief to a party properly raising them." United States v. Mofle, 989 F.3d 646, 648 (8th Cir. 2021) (quotation omitted).

Glass had until March 2, 2024 to file his § 2255 motion.  See § 2255(f)(1) (One-year limitation period runs from, as is relevant here, the date on which the judgment of commitment becomes final).

Glass filed his motion on December 30, 2024, approximately nine months after the one-year filing deadline had passed.   Accordingly, the motion is untimely and should be dismissed on this basis.

However, Glass argues that his motion is based on § 2255(f)(3): a newly-recognized right made retroactive by the Supreme Court.

Specifically, Glass asserts that his motion is timely because it is based on a new rule of constitutional law made retroactive by the Supreme Court's decision in Bruen, 597 U.S. 1.  Bruen, decided approximately eight months before Glass's sentencing, held that law-abiding citizens have the right to keep and bear arms in public for self-defense without showing a special need to do so but "subject to certain reasonable, well-defined restrictions."  597 U.S. at 70.

 Glass misconstrues this case.  Section 922(g)(1) remains constitutional despite significant changes in Second Amendment jurisprudence since 2022 and the Supreme Court's decision in Bruen.  Importantly, Bruen did not disturb District of Columbia v. Heller's holding that while an individual has a right to

own firearms for self-defense, "nothing in [the] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." 554 U.S. 570, 626 (2008).

The Eighth Circuit has found § 922(g)(1) constitutional because Congress "acted within the historical tradition when it enacted § 922(g)(1) and the prohibition on possession of firearms by felons." United States v. Jackson, 110 F.4th 1120, 1129 (8th Cir. 2024) (concluding there is "no need for felony by felony litigation on the constitutionality of § 922(g)(1)"), reh'g en banc denied, 121 F.4th 656 (2024); see also United States v. White, Crim. No. 22-207 (JRT/ECW), 2024 WL 3402741, at *3 (D. Minn. July 11, 2024) (gathering Supreme Court and Eighth Circuit cases since Heller that hold § 922(g)(1) is not unconstitutional); United States v. Munsinger, Crim. No. 24-61 (JRT/ECW), 2024 WL 4986849, at *4 (D. Minn. Dec. 5, 2024) (adopting R&R) (citing Jackson, 110 F.4th at 1126-29).

The other cases cited by Glass have either already been discussed, are not on point, or are not binding on this Court. Heller, 554 U.S. at 626, was discussed above. McDonald v. City of Chicago made Heller applicable to the states via the due process clause of the Fourteenth Amendment. 561 U.S. 742, 791 (2010). Range v. Att'y Gen., 124 F.4th 218 (3d Cir. 2024); United States v. Quailes &

5

Harper, 126 F.4th 215, 224 (3d Cir. 2025) (reversing District Court's orders dismissing indictments because § 922(g)(1) was constitutional as applied to defendants);[1] and United States v. Prince, 700 F. Supp. 3d 663, 664 (N.D. Ill. 2023) are not binding precedent for this Court.

Finally, even if Bruen had affected Glass's conviction, which it did not, it did not affect the statute of limitations. Bruen was decided in June 2022 and was therefore available as precedent for Glass for almost the entire pendency of his case, which was filed in April 2022. Section 2255(f)(3) extends the statute of limitations only when the Supreme Court recognizes a new right after a defendant is sentenced (i.e., "on collateral review"). Therefore, the plain text of the statute shows that it does not apply to Glass.

For all the above reasons, Glass's motion will be denied.

B.      **Certificate of Appealability**

With regard to the Court's procedural rulings, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . .

---

[1] Glass cited the District Court opinion in Harper, but since the Third Circuit reversed, that opinion is no longer good law, at least for the issue that Glass cites.

find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). With regard to the Court's decision on the merits, it concludes that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Thus, the Court denies a Certificate of Appealability in this case.

## IV. ORDER

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. The Government's Motion to Dismiss Defendant's Motion to Vacate Sentence under 28 U.S.C. § 2255 as Time-Barred **[Doc. 66]** is **GRANTED**;

2. Defendant's Pro Se Motion to Vacate Sentence **[Doc. 62]** is **DENIED**; and

3. No Certificate of Appealability shall issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: April 30, 2025

                                        s/Michael J. Davis
                                        Michael J. Davis
                                        United States District Court